# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **1. PRAETORIA GROUP, LLC, (AN OKLAHOMA LIMITED LIABILITY COMPANY)**, <br><br>      **Plaintiff,** <br><br> v. <br><br> **1.  OCTAVIAN SECURITY AMERICAS, (AN ARIZONA LIMITED LIABILITY COMPANY),** <br><br>  **Defendant.** <br><br> **2.  SUKHJIT "SUKHI" GHUMAN,** <br><br>       **Defendants.** | Case No. 13-CV-00818-JHP-TLW |

## OPINION AND ORDER

Before the Court are Plaintiff's Motion to Remand (Doc. 15) and Defendants' Response and Objection to Plaintiff's Motion to Remand (Doc. 16).  After review of the briefs, and for the reasons set forth below, the Plaintiff's Motion to Remand is **DENIED**.

On December 27, 2013, this case was removed to this Court from the Tulsa County District Court pursuant to 28 U.S.C. § 1441.  In the Notice of Removal (Doc. 2), Defendants assert that this Court has jurisdiction over this matter based on diversity of citizenship pursuant to 28 U.S.C. § 1332.  On January 16, 2014, Plaintiff filed the Motion to Remand seeking remand to the Tulsa County District Court and claiming that the Defendants have not sufficiently established that the amount in controversy exceeds $75,000 as required by 28 U.S.C. § 1332.[1]

---

[1] While arguing that Defendants have not sufficiently established the required amount in controversy for diversity jurisdiction, Plaintiff does not state in its Motion to Remand that it is not seeking in excess of $75,000 from Defendants.

The required jurisdictional amount in controversy may be established through allegations contained in the complaint (including exhibits to the complaint), estimates of damages and other relevant materials. *See*, *e.g.*, *McPhail v. Deere & Co.*, 529 F.3d 947 (10th Cir. 2008). Given the sometimes sparse nature of evidence available at the time removal must be completed, the jurisdictional amount in controversy need only be established by a "preponderance" of the evidence. *Id.* at 955. Further, any uncertainty regarding the amount in controversy will only justify a remand if it is "legally certain" that the amount in controversy is less than the jurisdictional amount. *Id*. As stated by the Tenth Circuit Court of Appeals in *McPhail*:

> [A] plaintiff cannot avoid removal merely by declining to allege the jurisdictional amount. This would allow frustration of the purpose of diversity jurisdiction, which is, after all, to protect the out-of-state defendant.

*Id.*

Plaintiff has asserted the following separate claims against the Defendants: 1) breach of the Asset Purchase and Sale Agreement (the "Subject Agreement," referenced as Exhibit "A" to the Petition);[2] 2) interference with Plaintiff's contractual relations; 3) defamation; and 4) assault. For each claim, Plaintiff seeks an award "in excess of $10,000." Plaintiff also seeks an award of punitive damages.

With respect to Plaintiff's claim for breach of the Subject Agreement, Plaintiff paid Defendant Octavian Security Americas ("Octavian") $160,000 (plus the assumption of liabilities) pursuant to the terms of the Subject Agreement. While the Plaintiff does not specifically state in the Petition that it is seeking to recover the consideration Plaintiff paid to Octavian under the Subject Agreement, it is evident that Plaintiff is likely seeking, at least, the amount paid to Octavian given Plaintiff's allegations in the Petition that the Defendants have

---

[2] While referenced in the Petition and incorporated in the Petition as Exhibit "A," Plaintiff did not attach the Subject Agreement to the Petition. The Subject Agreement, however, is attached as Exhibit "A" to Defendants' Response and Objection to Motion to Remand.

frustrated the "main" purpose of the Subject Agreement and prevented them from realizing the bargained for benefit of the Subject Agreement. The allegations in the Petition include the following:

> 7. One of **the main purposes** of the agreement was for Plaintiff to be able to assume the obligations and liabilities of Defendant in a way that made the transition as smooth as possible and to minimize disruption to Plaintiff's ongoing business. Defendant violated the terms of the contract which forbid Defendant from intentionally frustrating, encumbering, modifying or causing the default of any of the (i) assumed liabilities, (ii) customers or clients; (iii) vendors, (iv) receivables or (v) other Octavian assets held in Oklahoma (see attached Exhibit A, page 5).
>
> 8. Since execution of the agreement on September 11, 2013, Defendant has intentionally frustrated the operation of Plaintiff's business by contacting customers in Oklahoma to express the sour grapes he feels over the transition of the companies by making defamatory statements about Plaintiff to Plaintiff's customers.
>
> 9. Defendant has refused to forward business e-mails to Plaintiff pursuant to the agreement **causing Plaintiff to not be able to profit from business opportunities as contemplated by the agreement (see attached Exhibit A, page 3).**

*See* Petition filed herein at ¶¶ 7-9 (emphasis added).

In addition, the Subject Agreement provides that the prevailing party in this action for breach of the Subject Agreement can also recover attorneys' fees.[3] According to the affidavit of Defendants' counsel attached to the Defendants' Response and Objection to Plaintiff's Motion to Remand, at least 210 attorney hours will be required to conduct the necessary discovery, research and brief relevant issues, interview and prepare witnesses, prepare the pretrial conference order, prepare instructions/findings of fact, present the evidence to the finder of fact and complete other

---

[3] The right to recover attorneys' fees and the anticipated amount of attorneys' fees to be incurred may be considered as part of the amount in controversy. *See, e.g., Woodmen of World Life Ins. Society v. Marganaro*, 342 F.3d 1213, 1217-18 (10th Cir. 2003).

necessary tasks at an hourly rate of $325.  Thus, the evidence establishes that, at least, $68,250 in attorneys' fees could be incurred by Plaintiff (and the Defendants as well) in this action which Plaintiff could recover from Defendants if it prevails.  As a result, a preponderance of the evidence establishes that Plaintiff's claim for breach of the Subject Agreement, alone, involves more than the jurisdictional amount of $75,000 when considering actual damages and the right to recover attorneys' fees.

With respect to Plaintiff's claim for interference with contractual relations, Plaintiff alleges that the Defendants have intentionally interfered with the contractual relations with the customers acquired by Plaintiff and wholly "frustrated" Plaintiff's efforts to profit from such contractual relations, thereby preventing Plaintiff from profiting from such contractual relations. The Subject Agreement expressly provides that the customer contracts acquired by Plaintiff had a value of $148,100.  Given Plaintiff's allegations, it is evident that Plaintiff is likely seeking damages of, at least, the value placed on these customer contracts (*i.e.*, $148,100).

Finally, in addition to the damages which are the subject of Plaintiff's claims for breach of the Subject Agreement and interference with contractual relations discussed above, Plaintiff also seeks actual damages in an amount "in excess of $10,000" for its defamation claim; actual damages in an amount "in excess of $10,000" for its assault claim; and an unspecified amount of punitive damages from the Defendants.  In sum, the Court finds by a preponderance of the evidence that the amount in controversy in this action exceeds $75,000 which satisfies 28 U.S.C. § 1332.  Accordingly, jurisdiction is proper in this Court and the Motion to Remand is **DENIED**.

James H. Payne
United States District Judge
Northern District of Oklahoma